NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2129-15T3

IN THE MATTER OF ANTONIO
MARTINEZ, CITY OF ASBURY
PARK.
_____________________________

 Submitted May 16, 2017 – Decided June 5, 2017

 Before Judges Reisner and Sumners.

 On appeal from the Civil Service Commission,
 Docket No. 2016-542.

 Feeley & LaRocca, and the Blanco Law Firm,
 attorneys for appellant (Pablo N. Blanco, of
 counsel and on the brief; John D. Feeley, on
 the brief.

 Steven S. Glickman, attorney for respondent
 City of Asbury Park.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Civil Service
 Commission (Cameryn J. Hinton, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM

 Antonio Martinez appeals from a December 18, 2015 final

decision of the Civil Service Commission, adopting the initial

decision of an Administrative Law Judge (ALJ) upholding Martinez's

termination from the Asbury Park Police Department. Having
reviewed the record, we affirm, substantially for the reasons

stated in the Initial Decision, as adopted by the Commission. We

add these comments.

 In brief summary, Martinez, an Asbury Park police officer,

engaged in a sexual relationship with a female suspect, whom he

had arrested on drug charges. Although Martinez initially denied

the sexual relationship in an interview with the prosecutor's

office, he later admitted it during the police department's

disciplinary investigation. Specifically, he admitted that he had

sex with the woman while the criminal charges were pending, and

again after her criminal case was resolved. Based on his conduct

in lying to the prosecutor's office, and having a sexual

relationship with a criminal suspect, the ALJ found that Martinez

had committed conduct unbecoming a public employee and had violated

multiple police department rules. Due to the seriousness of the

infractions, the ALJ concluded that termination from employment

was warranted, despite Martinez's otherwise unblemished record.

The Commission agreed.

 Having reviewed the record in light of the applicable legal

standards, we find no basis to disturb the Commission's decision.

The ALJ's factual findings, which the Commission adopted, are

supported by substantial credible evidence. See In re Stallworth,

208 N.J. 182, 194 (2011). The infractions were sufficiently severe

 2 A-2129-15T3
that termination, without following progressive discipline, was

appropriate. Id. at 196-97; In re Herrmann, 192 N.J. 19, 33-34

(2007). Moreover, the penalty is not so harsh as to shock our

sense of fairness. In re Carter, 191 N.J. 474, 484 (2007).

 Affirmed.

 3 A-2129-15T3